**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN DARNELL EDWARDS,

Plaintiff-Appellant,

v.

KERN VALLEY STATE PRISON; et al.,

Defendants-Appellees.

No. 16-15288

D.C. No. 1:12-cv-01503-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding**

Submitted September 13, 2016***

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

California state prisoner Brian Darnell Edwards appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* Edwards consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under 28

U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th

Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We

affirm.

The district court properly dismissed Edwards's action because Edwards failed

to allege facts sufficient to state a plausible claim for relief.  *See Hebbe v. Pliler*,

627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally

construed, a plaintiff must present factual allegations sufficient to state a plausible

claim for relief); *see also Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir.

2012) (setting forth elements of a First Amendment retaliation claim in the prison

context); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (setting forth

requirements for a deliberate indifference claim and stating that negligence is

insufficient to establish a constitutional violation).

**AFFIRMED.**

2                                                                                          16-15288